THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MERCEDES MEDINA OCASIO, Defendant and Appellant.

No. CR-68-241.     Decided January 27, 1970.

*Sergio A. Peña Clós* and *José Rafael Gelpí* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

Mr. Justice Rigau delivered the opinion of the Court.

On Thanksgiving Day 1965, appellant arrived in an automobile at a business where the victim, César Batalla, and witness, Roberto López, were among other persons. Appellant alighted from the car and entered the business. When he entered, Batalla greeted him and appellant answered that he did not have any time to greet him. Batalla answered him with a vile expression. After a few words, appellant walked towards his car and returned armed with a pistol. Roberto López, who saw him coming with the pistol, intervened to stop him but he was attacked by appellant and could not stop him. Appellant inflicted a bullet wound in Batalla's abdomen.

Appellant was charged with the felonies of assault to commit murder and unlawful carrying of weapons, and with unlawful possession of weapons, a misdemeanor. The jury found him guilty of aggravated assault and battery and acquitted him of carrying weapons. The judge found him guilty of the offense of unlawful possession of weapons.

Appellant makes the three assignments of error which we will set forth thereinafter. The first one consists in alleging that the judge erred in charging the jury in the sense that defendant's testimony should be considered as that of any other witness, "taking into consideration the interest

which every defendant has in his own case." The error assigned was not committed. In *People* v. *Natal Rojas*, 93 P.R.R. 823 (1967), we stated that the doctrine which we established therein, that the judges should not make this explanation, in the instructions to the jury, about defendants' testimonies, would only be prospectively applied. We did not even apply it in the very *Natal Rojas* case. That case was decided on January 16, 1967, and the case at bar was heard in June 1966. Clearly, said doctrine was not applicable. *People* v. *Hernández*, 94 P.R.R. 111 (1967); *People* v. *Vélez Santiago*, 95 P.R.R. 607 (1967); *People* v. *Rivera Márquez*, 96 P.R.R. 740 (1968); *People* v. *Dávila*, judgment of February 29, 1968; *People* v. *Dávila*, judgment of March 29, 1968.

■ The second assignment was to the effect that the court erred in sentencing defendant for the offense of aggravated assault and battery because there was reasonable doubt in the mind of the jury as to defendant's guilt. The contention lacks merit. Appellant was charged with assault to commit murder—charge which in the light of the facts is not preposterous—but the jury reduced the verdict to one of aggravated assault and battery. As it is known this is permissible. Rule 147 of the Rules of Criminal Procedure; *People* v. *Cruz Collazo*, 95 P.R.R. 638, 643 (1968), and cases cited therein. Assuming that the jury would have had doubts as to whether or not defendant was guilty of the offense of assault to commit murder, it settled them in finding him guilty of aggravated assault and battery. Precisely the jury is shut in a room so that they deliberate about the verdict which they are to return. The trial by jury does not assume that the jury has to necessarily return its verdict immediately after the trial has ended.

■ As a third error it is assigned that the judge erred in finding defendant guilty of a violation of § 6 of the Weapons Law (unlawful possession), 25 L.P.R.A. § 416,

when he was acquitted by the jury of violating § 8 of said Act (unlawful carrying), 25 L.P.R.A. § 418. This contention has already been decided adversely for defendant. *People* v. *Burgos*, judgment of May 8, 1969; *People* v. *Fuentes*, judgment of May 19, 1966; *People* v. *Fonseca*, 79 P.R.R. 34, 37 (1956); *People* v. *Santiago*, judgment of December 3, 1969. When in cases like this, where the jury, as trier of facts, must reach a verdict as to an offense and the judge, also as trier of the facts, must reach a conclusion about another offense, what happens is that each one—judge and jury— make their own findings about the particular offense which is under his or its jurisdiction. They are independent triers, one is not subordinated to the other and the case may be that one believes the evidence and the other does not. Each one of the two triers of fact is authorized to act within his or its particular jurisdiction. *People* v. *Santiago, supra.*

■ That the jury in this case has found appellant guilty of the offense of aggravated assault and battery—offense committed with a pistol—and has acquitted him of carrying weapons, may or may not have an explanation, but that is the jury's prerogative. There is abundant case law which supports that, even when one jury is involved, it is not necessary to show logical consistency between its verdicts of guilty as to some counts and of not guilty as to others, in the same information or in different informations which are jointly submitted. Annotation: *Inconsistency of Criminal Verdict as Between Different Counts of Indictment or Information*, 18 A.L.R.3d 259, 274–279; and Annotation in 16 A.L.R.3d 866, 869–871. One of the reasons why it is not required that the verdicts of the jury be consistent is the recognition of the reality that the juries sometimes conform the law to their own sense of justice and thus conformed apply it. We are not saying that this is a good practice; we are just acknowledging that reality.

The judgments appealed from will be affirmed.

Mr. Chief Justice did not participate herein. Mr. Justice Dávila concurs in the result.